**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**

Richard Coleman

     v.                                                      Civil No. 11-cv-359-JL

Ford Motor Company


**O R D E R**


Richard Coleman has filed this personal injury action
alleging that he suffered damages attributable to a defective
and unsafe car jack sold by defendant (doc. no. 1).  Because
Coleman is proceeding pro se and in forma pauperis, the matter
comes before the court for preliminary review to determine,
among other things, whether the complaint properly invokes the
jurisdiction of this court and whether it states any claim upon
which relief might be granted.  See 28 U.S.C. § 1915(e)(2);
United States District Court District of New Hampshire Local
Rule ("LR") 4.3(d)(1)(B).[1]

---

[1] Ordinarily, the complaint in a case filed pro se and in
forma pauperis is not served prior to the completion of the
preliminary review required by § 1915(e)(2).  See LR
4.3(a)(1)(B)(iii).  Although defendant has apparently been
notified of this action and has received a copy of the complaint
as defendant has filed an answer (doc. no. 5) and notice of
attorney appearance (doc. no. 7), the court now complies with
the requirements of § 1915(e)(2) and this court's local rules,
and conducts a preliminary screening.

## Standard of Review

Under LR 4.3(d)(1)(B), when a plaintiff commences an action pro se and in forma pauperis, the magistrate judge conducts a preliminary review.  The magistrate judge may issue a report and recommendation after the initial review, recommending that claims be dismissed if the court lacks subject matter jurisdiction, the defendant is immune from the relief sought, the complaint fails to state a claim upon which relief may be granted, the allegation of poverty is untrue, or the action is frivolous or malicious.  See id. (citing 28 U.S.C. § 1915(e)(2) & Fed. R. Civ. P. 12(b)(1)).  In conducting a preliminary review, the magistrate judge construes pro se pleadings liberally, to avoid inappropriately stringent rules and unnecessary dismissals.  See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976), to construe pleadings liberally in favor of pro se party); Castro v. United States, 540 U.S. 375, 381 (2003).

To determine if the complaint states any claim upon which relief could be granted, the court applies a standard analogous to that used in reviewing a motion to dismiss filed under Fed. R. Civ. P. 12(b)(6).  The court decides whether the complaint contains sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.  See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009).

To make this determination, the court employs a two-pronged approach.  See Ocasio-Hernández v. Fortuño-Burset, 640 F.3d 1, 12 (1st Cir. 2011).  The court first screens the complaint for statements that "merely offer legal conclusions couched as fact or threadbare recitals of the elements of a cause of action." Id. (citations, internal quotation marks and alterations omitted).  A claim consisting of little more than "allegations that merely parrot the elements of the cause of action" may be dismissed.  Id.  The second part of the test requires the court to credit as true all non-conclusory factual allegations and the reasonable inferences drawn from those allegations, and then to determine if the claim is plausible.  Id.  The plausibility requirement "simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence" of illegal conduct.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007). The "make-or-break standard" is that those allegations and inferences, taken as true, "must state a plausible, not a merely conceivable, case for relief."  Sepúlveda-Villarini v. Dep't of Educ., 628 F.3d 25, 29 (1st Cir. 2010); see Twombly, 550 U.S. at 555-56 ("Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)).

Evaluating the plausibility of a claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S. Ct. at 1950 (citation omitted).  In doing so, the court may not disregard properly pleaded factual allegations or "attempt to forecast a plaintiff's likelihood of success on the merits." Ocasio-Hernández, 640 F.3d at 13.  "The relevant inquiry focuses on the reasonableness of the inference of liability that the plaintiff is asking the court to draw from the facts alleged in the complaint." Id.

### Background

On July 29, 2010, Coleman retrieved a car jack from the trunk, near the spare tire, of a 1993 Mercury Tracer that he had recently purchased.  Coleman asserts that the placement of the jack indicated that it had never been used.  Further, Coleman states that the jack handle was "wrapped and secured in the original factory holster."

Coleman, following the directions and diagrams that accompanied the jack, lifted the front passenger side of the car with the jack.  Coleman lifted the wheel high enough off the ground to remove the wheel.

Using his right hand, Coleman used a ratchet wrench to try to loosen or remove a "frozen" caliper on the tire.  As he did

so, the jack collapsed inward, causing the car to fall, trapping Coleman's arm under the tire.

Coleman went to the hospital by ambulance where he received treatment for his injuries, including x-rays, wound dressing and stitches.  Coleman returned to the emergency room twice for follow-up care for the injuries to his arm.  Coleman asserts that he endured severe physical and emotional suffering in the several months after his arm was injured.  Coleman states that he continues to suffer from soreness, pain, and scarring. Coleman further asserts that he has incurred significant medical bills as a result of the injury to his arm.

## Claims[2]

Coleman's complaint lists, as its sole count, that Ford Motor Company is liable for the "Sale of Defective, Unsafe, Product, Absent any Warning."  The New Hampshire Supreme Court has found that, under New Hampshire law, "design defect and failure to warn claims are separate" ways of establishing strict liability in a manufacture for a defect in a product.  See LeBlanc v. Am. Honda Motor Co., 141 N.H. 579, 586, 688 A.2d 556, 562 (1997).  The court therefore construes Coleman's allegations to raise the following claims for relief:

---

[2]The claims, as identified herein, will be considered to be the claims in the complaint for all purposes.  If Coleman disagrees with this identification of the claims, he must do so by properly moving to amend his complaint.

1.   Ford Motor Company is liable for damages to Coleman
because the car jack that came with a car manufactured by
defendant was defective either (a) in its design; (b) in its
manufacture; or (c) both, and that such defect caused the jack
to fail, resulting in injury to Coleman when the car the jack
was holding fell on his arm[3]; or, in the alternative, that

2.   Ford Motor Company is liable for damages to Coleman
for failing to warn him of the dangers associated with use of
the car jack sold by defendant, resulting in injury to Coleman.

## Discussion

I.   Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, the federal district court
has original jurisdiction over any civil action in which the
parties are citizens of different states and the amount in
controversy exceeds $75,000, exclusive of interests and costs.
28 U.S.C. § 1332(a).  A corporation is deemed to be a citizen of
the state where it has been incorporated and of any state where
it maintains its principle place of business.  Id. § 1332(c)(1).
Coleman alleges that his damages exceed $75,000.  He also

---

[3]The complaint is not clear as to whether Coleman seeks to
allege a claim of design defect, manufacturing defect, or both.
At this stage of the proceedings, and construing the allegations
in the complaint liberally, the court finds that, for purposes
of preliminary review, the allegations in the complaint are
sufficient to assert a strict liability claim under either
theory.

alleges that he is a citizen of New Hampshire, while defendant
Ford Motor Company is headquartered in Michigan.[4]  Plaintiff has
therefore alleged sufficient facts to invoke this court's
diversity jurisdiction over this matter.

II.  Defective Product

Under New Hamsphire law, strict liability applies to claims
asserting a defect in a product.  See Brochu v. Ortho Pharm.
Corp., 642 F.2d 652, 654 (1st Cir. 1981).  New Hampshire has
followed the Restatement (Second) of Torts § 402A, which
provides:

> (1) One who sells any product in a defective
> condition unreasonably dangerous to the user or
> consumer or to his property is subject to
> liability for physical harm thereby caused to the
> ultimate user or consumer, or to his property, if
> (a) the seller is engaged in the business of
> selling such a product, and (b) it is expected to
> and does reach the user or consumer without
> substantial change in the condition in which it
> is sold.

> (2) Th[is] rule . . . applies although (a)
> the seller has exercised all possible care in
> preparation and sale of his product, and (b) the
> user or consumer has not bought the product from
> or entered into any contractual relation with the
> seller.

Brochu, 642 F.2d at 654 (citing Buttrick v. Arthur Lessard &
Sons, Inc., 110 N.H. 36, 38, 260 A.2d 111, 113 (1969), and
Elliott v. Lachance, 109 N.H. 481, 484, 256 A.2d 153, 155-56

---

[4]In its answer (doc. no. 5) defendant admits that it is a
Delaware corporation headquartered in Michigan.

(1969)).  A plaintiff in a strict liability action must also prove that the "'purpose and manner of his use of the product was foreseeable by the manufacturer.'"  Willard v. Park Indus., Inc., 69 F. Supp. 2d 268, 272 (D.N.H. 1999) (quoting Thibault v. Sears, Roebuck & Co., 118 N.H. 802, 809, 395 A.2d 843, 847 (1978)).

Coleman alleges that Ford Motor Company sold the Mercury Tracer, and therefore also sold the jack that was in the trunk of that car.  Coleman further states that the jack, when he removed it from the car to use it, was in the same condition it had been in when it was sold, as it did not appear to have ever been used and was still wrapped in its original packaging.  The court finds that it is reasonable to presume that a jack installed in a trunk would be expected to, and in fact did, reach the user without substantial change in its condition.  Coleman's allegation that he used the jack to lift the right front wheel off the ground in order to loosen a caliper on that wheel states an ordinary and foreseeable use of a car jack.  Accordingly, Coleman has set forth sufficient facts to allege a strict liability claim for a defective product against defendant.

III. <u>Failure to Warn</u>

> Under New Hampshire's law of products liability,
> the duty to warn is part of the general duty to
> design, manufacture, and sell products that are
> reasonably safe for their foreseeable uses.  If
> the design of a product makes a warning necessary
> to avoid an unreasonable risk of harm from a
> foreseeable use, the lack of warning (or an
> inadequate warning) is sufficient to make the
> product defective and unreasonably dangerous.
> This duty to warn is limited to foreseeing the
> probable results of the normal use of the product
> or a use that can reasonably be anticipated.

<u>Cheshire Med. Ctr. v. W.R. Grace & Co.</u>, 853 F. Supp. 564, 566

(D.N.H. 1994) (citing, <u>inter alia</u>, Restatement (Second) of Torts

§ 402A) (other citations and quotation marks omitted); <u>see</u>

<u>Willard</u>, 69 F. Supp. 2d at 272.

Coleman asserts that he followed the instructions and

diagrams that accompanied the car jack, and that he used and

placed the jack according to those instructions.  Coleman's

"failure to warn" claim, raised as an alternative to the

defective product claim, alleges that if Coleman's use of the

jack was incorrect and caused the car to fall, his mistake was

due to the defendant's failure to provide adequate instructions

regarding the correct and safe use of the jack.  Coleman has

thus stated the minimum facts sufficient to set forth a "failure

to warn" claim.

**Conclusion**

Without comment on the merits of Coleman's claims, the court finds that the allegations in the complaint are sufficient to assert a state law claim for damages due to a defective product as well as a failure to warn claim.  The court therefore directs service of this complaint on defendant.

The case file includes a summons form for defendant completed by Coleman (doc. no. 1-2).  The clerk's office shall issue the summons in the file and forward to the United States Marshal for the District of New Hampshire (the "U.S. Marshal's office") the summons, a copy of the complaint (doc. no. 1), and this Order.

Upon receipt of the necessary documentation, the U.S. Marshal's office shall effect service upon defendant.  See Fed. R. Civ. P. 4(c)(3); LR 4.3(d)(1)(B)(iii).  Service shall be made in accordance with Fed. R. Civ. P. 4(h).

Defendant is instructed to answer or otherwise plead within twenty-one days of service.  See Fed. R. Civ. P. 12(a)(1)(A).[5]

---

[5]As previously noted, defendant has apparently been notified of this action, seen a copy of the complaint, and filed an answer thereto (doc. no. 5).  The court further notes that the defendant has asserted affirmative defenses of inadequate process and service of process.  Pursuant to Fed. R. Civ. P. 4(c), the court may order service by the U.S. Marshal's office, as it has done here.  The service by the U.S. Marshal made pursuant to this order will be considered to be the relevant service effort for purposes of litigating the adequacy of service in this matter.  The service of the complaint by the

Coleman is instructed that all future pleadings, written motions, notices, or similar papers shall be served directly on defendant by delivering or mailing the materials to it or its attorney(s), pursuant to Fed. R. Civ. P. 5(b).

**SO ORDERED.**

_____
Landya B. McCafferty
United States Magistrate Judge

Date: August 19, 2011

cc:  Richard Coleman, pro se

LBM:jba

_____

U.S. Marshal's office will further serve to establish the
relevant time limits applicable in this case for all purposes.